**SIGNED THIS: September 15, 2009**

            **GERALD D. FINES**
            **UNITED STATES BANKRUPTCY JUDGE**

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| MICHAEL A. HODGES, | ) Bankruptcy Case No. 05-93092 |
| | ) |
| Debtor. | ) |

OPINION

This matter having come before the Court on a Combined Motion of Triad Financial Corporation to Vacate Discharge and to Modify Automatic Stay; the Court, having heard arguments of the parties and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in dispute and are, in pertinent part, as follows:

1.    The Debtor filed for relief under Chapter 13 of the Bankruptcy Code on August 30, 2005.

2.    Creditor, Triad Financial Corporation, holds a secured lien against the Debtor's 1998 Chevrolet Blazer and was to be paid the sum of $3,000 plus 9% interest for the value of the

vehicle through the Debtor's Amended Chapter 13 Plan, which was confirmed on November 28, 2005.

3. As a result of the need to pay a very large child support arrearage claim through Debtor's Amended Chapter 13 Plan, Creditor, Triad Financial Corporation, only received the sum of $47.20 from the Chapter 13 Trustee.

4. Despite the failure to pay the total sum due to Triad Financial Corporation, the Debtor was granted a discharge under Chapter 13 on June 25, 2009.

5. Based on the failure to receive the sum due through the Debtor's Amended Chapter 13 Plan, Creditor, Triad Financial Corporation, now seeks to have the Debtor's discharge vacated and to have relief from the automatic stay so that it may take possession of the vehicle and apply the proceeds of sale to the balance due from the Debtor.

## Conclusions of Law

At hearing on September 10, 2009, the Court was advised by the Chapter 13 Trustee that Creditor, Triad Financial Corporation, had, in fact, only received the $47.20 as stated above, and he further stated that no sums were paid to any unsecured creditors in Debtor's Chapter 13 proceeding. Neither the Trustee nor the Debtor disputed the right of Creditor, Triad Financial Corporation, to possession of the vehicle.

The Court finds that the appropriate remedy in this instance is to allow the Creditor, Triad Financial Corporation, to take possession of the 1998 Chevrolet Blazer and to apply the proceeds of sale to the balance due on their indebtedness with no further personal liability on the part of the Debtor. There is no purpose in vacating the Debtor's discharge given the agreement of the parties and the absence of any funds to pay an unsecured claim.

###